Argued September 23, affirmed October 15, petition for rehearing denied November 12, petition for review denied December 22, 1970

# STATE OF OREGON, *Appellant, v.*
# ALBERT E. HUNT, JR., *Respondent.*

### 475 P2d 596

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for appellant. With him on the briefs was Lee Johnson, Attorney General, Salem.

*Bert E. Joachims,* Portland, argued the cause for respondent. With him on the brief were Klosterman & Joachims, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted of obtaining money by false pretenses. The circuit court thereafter entered an order arresting judgment and dismissing the indictment on the grounds that it did not state a crime in that it lacked specificity. The state appeals under ORS 138.060 (3).

The indictment in question charges:

"* * * EVANS SMITH, ALBERT E. HUNT, JR. and HAROLD EUGENE GOODWIN * * * did * * * feloniously, with intent to defraud, falsely pretend that a proof of loss presented * * * to Fire Underwriters Association * * * was a valid proof of loss, by means of which false pretense the defendants did * * * feloniously obtain from the * * * insurer who, in reliance on the proof of loss, gave said defendants * * * [$27,000] whereas in fact, the proof of loss was false which said defendants knew * * *."

There follows, as part of the indictment, a copy of the proof of loss① indicating that the insured was Evans Smith dba Besco Construction Co.; that damage to the stock was caused by fire at a specific time and while the stock was located at a specific address;

---

①

## PROOF OF LOSS
to the Company Indicated below

☒ FIRE INSURANCE EXCHANGE    ☐ TRUCK INSURANCE EXCHANGE    ☐ MID-CENTURY INSURANCE COMPANY
(Hereinafter called the Company)     (Hereinafter called the Company)     (Hereinafter called the Company)

By your Policy Number 73-3051-85-17 , you insured Evans Smith DBA Besco Construction Co.

_____(hereinafter called the Insured),

according to the terms and conditions contained therein against loss or damage by Fire

to the amount of Three Hundred Twenty-five Thousand and 00/100 - - - - - - - - - - - - - - Dollars, as follows:

$ 100,000.00 on Building     $ 30,000.00 on Stock

$ 70,000.00 on Equipment     $ 25,000.00 on Business Interruption

A Fire loss occurred on the 13th day of April, 1968,

about the hour of 12:00 Noon o'clock M, and was caused by Unknown

Residence of Insured at time of loss 2225 N. E. Mason Street - Portland, Oregon

Location of property at time of loss 24011 N. E. Halsey Street - Troutdale, Oregon

### - STATEMENT OF LOSS

| Description of Damaged Property | Value | Loss | |
|---|---|---|---|
| Stock (Final Settlement) | | 27,000 | 00 |
| | | | |
| Total | | | |

The total insurance covering any of said property at the time of said loss, was $ 335,000.00 and no more. All other insurance is listed on schedule on reverse side.

At the time of the loss the property covered by the Policy above referred to belonged solely to the Insured except Mortgage on Building only - R. A. Montgomery

The building described, or containing the property described, was occupied at the time of said loss as follows: General Construction and for no other purpose.

The Insured, under the above named Policy, hereby claims and agrees to accept from the Company, on account of said loss, and in full for all claims of loss or damage, the sum of Twenty-seven Thousand and 00/100 - - - - - - - - - - - - - - - - - - - - Dollars

The said Company in consideration of such payment to or for the named insured is hereby discharged forever from all further claims by reason of said loss or damage

Said loss did not originate or continue by any act, design, procurement, or willful neglect on the part of this Insured, or on the part of any person having any interest, direct or indirect, in the insured property or in the said Policy of Insurance, nothing has been done by or with the Insured's knowledge or consent to violate the conditions of the Policy or render it void; no property saved has in any manner been concealed, and no attempt to deceive the said Company as to the extent of said loss has in any manner been made

Any other information that may be required will be furnished when called for, and made a part hereof.

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE FURNISHING OF THIS BLANK TO THE INSURED, OR THE PREPARING OF PROOFS BY AN ADJUSTER OR ANY AGENT OF THE COMPANY, IS NOT TO BE CONSIDERED AS A WAIVER OF ANY OF THE RIGHTS OF SAID COMPANY.

Subscribed and sworn to before me this 16th day of

May, 19 68, at Multnomah County

By Gail Atkins

cl-r-32 7-63 My Commission Expires Mid night 5/10/71    Notary Public

Besco Construction Co.

By Evans A. Smith, Insured

that the loss was $27,000; and that the insured claimed $27,000 for the loss.

The defendant prior to arraignment demurred to this indictment on the sole ground that "more than one crime is charged." This demurrer was overruled and the trial proceeded, resulting in the conviction. No other demurrer appears in the trial court file and on oral argument before this court counsel for defendant stated that the ground of demurrer on which he was relying was that the facts stated in the indictment do not constitute a crime.

██ The objection that the facts stated to not constitute a crime may be raised for the first time in the appellate court and is not waived by failing to demur. ORS 135.640; *State v. Martin*, 54 Or 403, 103 P 512 (1909). However, the objection that the indictment is indefinite and uncertain, ORS 135.630 (2),[②] should be taken by demurrer at arraignment or it is waived.

> "It is obvious that an indictment may fail to comply with at least some of the requirements specified in ORS 135.630 (2) and yet not be demurrable on the ground stated in ORS 135.630 (4)—(failure of facts stated to constitute a crime.) If every failure to comply with all of the provisions of law

---

[②] ORS 135.630:

"The defendant may demur to the indictment when it appears upon the face thereof that:

"(1) The grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;

"(2) It does not substantially conform to the requirements of ORS 132.510 to 132.570, 132.590, 132.610 to 132.690, 132.710 and 132.720;

"(3) More than one crime is charged in the indictment;

"(4) The facts stated do not constitute a crime; or

"(5) The indictment contains any matter which, if true, would constitute a legal justification or excuse of the crime charged or other legal bar to the action."

specified in ORS 135.630 (2) made an indictment demurrable under ORS 135.630 (4), there would have been no occasion to provide for any demurrer except on the basis of the latter subsection.

"Under the provisions of ORS 135.610–620, a demurrer must be in writing and should be filed at the time of arraignment, unless further time is allowed by the court. The reason is plain. Errors which may be curable should not be ignored until jeopardy has attached, and then be insisted upon as a bar. * * *" *State of Oregon v. Holland*, 202 Or 656, 666-67, 277 P2d 386 (1954).

See also *State v. Miller*, 119 Or 409, 415, 243 P 72 (1926), aff'd 273 US 657, 47 S Ct 344, 71 L Ed 825 (1927). The only question before this court, therefore, is whether the indictment alleges facts sufficient to constitute a crime.

■ The indictment purportedly charges the crime of obtaining money by false pretenses in violation of ORS 165.205 which provides:

"(1) Any person who, by any false pretenses or any privity or false token, and with intent to defraud, obtains or attempts to obtain from any other person, any money or property * * * shall be punished upon conviction * * *.

"* * * * *

"(3) The presentation by any person of a bill, invoice, statement, account or claim in writing to another knowing the same to contain items of overcharge, false items or wrongful charges, with intent to obtain payment thereof, whether obtained or not, is a false pretense, and the account, bill, invoice or claim is a false token within this section without the signature thereon of the person presenting it."

The indictment, stripped of the particulars which are waived by failure to demur, alleges that defendant, by means of a claim which contained false items. (the

proof of loss), with intent to defraud, "did * * * obtain" from the named insurance company $27,000.

Defendant relies on *State v. Mims*, 235 Or 540, 385 P2d 1002 (1963), where a divided court held that an indictment, attempting to charge the crime of obtaining money by false pretenses from an insurance company, did not state a crime. In *Mims* the court said there was "no allegation that the defendant made any statement whatever to the insurance company of the amount of his loss by fire * * * against which he was insured." 235 Or at 544-45. In the present case the proof of loss which was made a part of the indictment is definite and certain in this regard in stating that $27,000 worth of stock was destroyed by fire. Unlike in *Mims*, defendant Hunt could not admit all the facts alleged without admitting the commission of a crime.

■ Defendant further urges that a crime is not charged because, although the allegation is that defendant falsely pretended, the proof of loss shows that Evans Smith, not defendant, was the insured and that Smith signed the proof of loss. There is no requirement under ORS 165.205 that the document containing false items be signed by or be in favor of the one charged.

While the indictment in this case, as in *Mims*, is not a model of pleading, it does charge a crime under ORS 165.205. The order arresting judgment and dismissing the indictment is reversed and the case is remanded for sentencing on the verdict.

FORT, J., specially concurring.

Prior to the portion set out in the court's opinion, the fourth count of the indictment states:

## "COUNT IV.

"Further, for and as a part of the same acts and transactions alleged and hereinabove set forth in Counts I, II and III of this indictment and connected therewith, the said * * *."

There then follows the remainder of Count IV of the indictment as set forth in the court's opinion.

Together, the first three counts contained express allegations of fact relating to the purchase by the defendants of a described building, particulars concerning the purchase by the defendants of insurance upon both the building and the personal property therein, and the willful and felonious burning of the insured property by the defendants on a described date preceding the filing by the defendants of the proof of loss described in Count IV, in addition to the facts alleged in the portion of Count IV set forth in the majority opinion.

The indictment was comprised of all four counts at the time the demurrer was filed and overruled.

Prior to submission of the cause to the jury the court withdrew from its consideration each of the first three counts. The fourth count was submitted to the jury and the defendant convicted thereof.

Thereafter defendant filed a motion in arrest of judgment which included the demurrer based on the ground the facts stated failed to constitute a crime. The trial court allowed the motion in part on the ground that Count IV "fails to state sufficient facts to constitute a crime."

In determining whether or not a multiple-count indictment alleges in any one count facts sufficient to constitute the crime charged:

> "* * * [I]t is a well settled rule that, to save repetition, one count may by proper reference incorporate the allegations more fully set out in another count * * *." 42 CJS 1083, Indictments and Informations § 154.

Refusal by the court to submit the first three counts of the indictment did not work an amendment or alteration therein. *Salinger v. United States*, 272 US 542, 47 S Ct 173, 71 L Ed 398 (1926), considered a claim that refusal to submit certain counts of a multiple-count indictment effected a change in the indictment. The court there said:

> "* * * The indictment was not amended, either actually or in legal effect. It remained just as it was returned by the grand jury, and the trial was on the charge preferred in it and not on a modified charge. After the evidence was put in, the accused, believing that part of the charge had no support in the evidence, requested that that part be withdrawn from the jury; and the court acceded to the request when the final instructions were given. The scheme to defraud as set forth in the indictment was manifold in that it comprehended several relatively distinct plans for fleecing intended victims. What the court withdrew from the jury was all of these plans but one. Thus the court ruled that the evidence while tending to sustain the charge as respects one of the plans did not give it any support as respects the others. Whether this was right or wrong—as to which we intimate no opinion—it did not work an amendment of the indictment * * *." 272 US at 548-49.

ORS 132.520 (2), 132.530 and 132.540 (1)(f) set forth the standards an indictment must meet.

In my view the indictment here, when considered in its entirety, does set forth facts sufficient to constitute the crime charged. I do not therefore reach the question whether the portion of Count IV set forth in the majority's opinion, standing alone, sets forth facts sufficient to constitute a crime.

I concur in the result.