Argued May 17, reversed and remanded June 1, 1977

STATE OF OREGON, *Appellant,*
*v.*
CURTIS RAY SHERVEY, *Respondent.*
(No. F 24607, CA 7796)
564 P2d 1091

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Lee M. Zittenfield, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

PER CURIAM.

**PER CURIAM.**

Defendant was charged in district court by a traffic citation that read in pertinent part:

"That on the 4 day of Oct, 1976, at about 12:30 o'clock A.M. * * * Shervey, Curtis Ray * * * did unlawfully operate vehicle, Lic. No. KFK 944 * * * on a public street or highway * * * and then and there commit the following * * * traffic crime * * * Attempt to Alude in violation of state statute * * * in such case made and provided."[1]

A traffic-offense complaint sufficiently states the offense charged if it contains "[a] statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so * * *." ORS 484.170(2). The defendant moved and the court ordered that the charge be dismissed on the sole ground that the word "elude" had been spelled "alude." The motion and the order were equally preposterous.[2]

Reversed and remanded.

---

[1] ORS 487.555(1) provides:

"A driver of a motor vehicle commits the crime of fleeing or attempting to elude a police officer if, when given visual or audible signal to bring the vehicle to a stop, he knowingly flees or attempts to elude a pursuing police officer."

[2] Even assuming, purely for the sake of argument, that there was confusion in the defendant's mind as to precisely what crime he was charged with, *State v. Waggoner*, 228 Or 334, 337, 365 P2d 291 (1961), tells us:

"It is readily apparent that the legislature intended to make traffic complaints effective even though a person defending against one might have to make some reasonable inquiry of the arresting officer or of some other person in order to know exactly what offense is charged * * *."