Argued May 17, affirmed June 20, 1977

## STATE OF OREGON, *Respondent,*
### *v.*
## JAMES FRANK CARPENTER, *Appellant.*
### (No. 2219-B-6, CA 7921)
565 P2d 768

William A. Barton, Newport, argued the cause for appellant. With him on the brief was Barton & Armbruster, Newport.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

## TANZER, J.

The defendant appeals from a judgment of conviction of the crime of driving under the influence of intoxicants. The charge was brought by a uniform traffic citation and complaint which alleges:

"* * * That on the 6 day of Sept., 1976 at 9:35 o'clock p.m. * * * Carpenter, James Frank * * * did unlawfully operate vehicle, lic. No. BKP-006 * * * on a public highway, to-wit: 101 at or near Kernville located in the county and state aforesaid, and did then and there commit the following traffic crime:

"* * * other violation—Driving while under the influence of intoxicants in violation of state statute in such case made and provided * * *."

The defendant assigns as error the denial of his motion in arrest of judgment. The motion contended that the complaint was insufficient to charge a crime because the state had failed to plead a prior conviction.

Defendant was charged with the traffic crime of driving under the influence of intoxicants under the provisions of ORS 484.365 which provides that conduct which would otherwise be a Class A traffic infraction is a Class A misdemeanor if the defendant has been convicted of any Class A traffic infraction or traffic crime within the preceding five years.[1] Driving under

---

[1] ORS 484.365 provides:

"(1) Any offense that would otherwise be punishable as a Class A traffic infraction shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of any class A traffic infraction or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction or dismissal was not part of the same transaction as the present offense.

(2) In applying subsection (1) of this section, any conviction of a Class A infraction or a traffic crime as described in subsections (3) and (4) of this section, or a conviction before June 27, 1975, of any of the statutory counterparts of these offenses which occurred within the immediate five-year period before the commission of the present offense, shall be included whether the previous conviction occurred before or after June 27, 1975.

(3) As used in this section, 'Class A traffic infraction' includes:

(a) Driving while under the influence of intoxicants.

the influence of intoxicants, is, in the absence of such aggravation, a Class A traffic infraction. ORS 487.540.

The defendant contends that the complaint is insufficient to charge the crime in light of ORS 484.380(1) which requires that the state "shall plead and prove the previous conviction" unless otherwise stipulated.[2] It is therefore necessary for us to examine the pleading requirements for traffic citations in light of the enactment of ORS 484.380.

At the time ORS 484.380(1) was enacted by the 1975 session of the Legislative Assembly, the sufficiency of instruments charging traffic offenses was controlled by ORS 484.150(1) which requires that "a traffic citation conforming to the requirements of this

---

(b) Failure to perform the duties of a driver involved in an accident or collision which results only in damage to the property of another.

(4) As used in this section, 'traffic crime' includes:

(a) Reckless driving.

(b) Driving a motor vehicle while suspended or revoked.

(c) Failure to perform the duties of a driver involved in an accident or collision which results in injury or death to any person.

(d) Fleeing or attempting to elude a police officer."

[2] ORS 484.380 provides:

"(1) In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

(a) The court shall accept the stipulation regardless of whether or not the state, municipality or political subdivision agrees to it;

(b) Evidence of the previous conviction shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

(c) No mention of the previous conviction shall be made to the jury by either the court or the state, municipality or political subdivision; and

(d) The court shall not submit the complaint or evidence of the previous conviction to the jury."

Subsection (2) deals with the use of prior convictions of the previous conviction for impeachment.

section shall be used for all traffic offenses in this state," and ORS 484.170 which provides:

"Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:

(1) The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

(2) A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred.

(3) A certificate as provided in subsection (5) of ORS 484.150, signed by the complainant."

■ The legislature did not expressly repeal or significantly amend either statute when it enacted ORS 484.380(1). We therefore assume that the legislature intended these separate sections to be applied harmoniously despite a superficial appearance of inconsistency. Reading the statutes together and giving effect to each, it is clear that the sufficiency of the traffic citation to charge a crime under ORS 484.365(1) continues to be controlled by ORS 484.170. The pleading requirement of ORS 484.380(1) goes to the definiteness and certainty of the charging instrument, rather than to its sufficiency. The failure to allege particulars to satisfy ORS 484.380(1) does not affect the sufficiency of the citation to charge the crime itself.

■ Practical considerations also support this construction of the two statutes. The officer citing a driver on the street may not have sufficiently reliable or precise access to information about the prior conviction to allow him to allege it accurately in his complaint. Under ORS 484.170, the uniform traffic complaint which designates the crime of driving while under the influence of intoxicants is nevertheless sufficient. If there is any litigable issue regarding a prior conviction, the defendant may demur prior to arraignment on the basis of ORS 484.380(1), thus forcing a refiling. The refiled complaint will give him the litigative

[ 883 ]

benefit of a definite and certain allegation of the prior crime in a complaint filed at a time when the prosecutor is able to verify the information.

By this analysis, the citation in this case is sufficient to charge the crime by the standard established by ORS 484.170(2), *State v. Waggoner,* 228 Or 334, 365 P2d 291 (1961), regardless of its particularity.

ORS 136.500, as it applies to accusatory instruments other than indictments, provides that the only ground for a motion in arrest of judgment is insufficiency of the accusatory instrument to state a crime. *State v. Kennedy,* 6 Or App 552, 555, 488 P2d 819, *rev. den* (1971). Because the citation in this case is sufficient to state a crime and because the statute invoked by the motion relates to the definiteness and certainty of the instrument rather than its sufficiency, the motion in arrest of judgment was properly denied.

Affirmed.