Argued May 17, reversed and remanded June 20, 1977

STATE OF OREGON, *Appellant,*
*v.*
CLARENCE RAY SOUTH, *Respondent.*
(F01450, CA 7836)
565 P2d 771

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Wiliam D. Scalf, Gresham, argued the cause for respondent. With him on the brief was Hawkins, Germundson, Scalf & Young, Gresham.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

The state appeals an order dismissing a uniform traffic citation and complaint charging the traffic crime of driving under the influence of intoxicants as prohibited by ORS 487.540 and 484.365(1). The complaint alleges:

"That on the 18 day of Aug., 1976 at about 12:55 o'clock a.m. * * * South, Clarence Ray * * * did unlawfully operate vehicle, lic. No. CMN-224 * * * on a public street or highway, to-wit: NE Sandy at or near 107th * * * and then and there commit the following traffic crime * * * driving while under the influence of intoxicants in violation of state statute in such case made and provided * * *."

When the case came on for trial, the prosecutor informed the court that the complaint alleged a traffic crime but did not allege a specific previous conviction as required by ORS 484.380(1).[1] Because the court had in previous cases held that such a citation was insufficient to state a crime, the deputy district attorney requested leave of the court to file a new citation and complaint conforming to the previous rulings of the court. The court denied the state's request. The court then ruled that the complaint was insufficient to charge the traffic crime of driving while under the influence of intoxicants because it failed to allege a specific prior offense.

---

[1] ORS 484.380(1) provides:

"In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

(a) The court shall accept the stipulation regardless of whether or not the state, municipality or political subdivision agrees to it;

(b) Evidence of the previous conviction shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

(c) No mention of the previous conviction shall be made to the jury by either the court or the state, municipality or political subdivision; and

(d) The court shall not submit the complaint or evidence of the previous conviction to the jury."

[ 875 ]

The trial court then dismissed the action insofar as it charged a traffic crime, leaving the underlying traffic infraction, ORS 487.540, for trial. The defendant was ready and the court ordered the state to proceed to trial. The state refused, insisting upon its right to try the criminal action, and the action was dismissed without leave to refile. The state appeals the order of dismissal.

The spontaneous dismissal of the complaint was the equivalent of an order allowing a demurrer and we shall treat it as such.[2] If, as it appears, the order of dismissal was based upon insufficiency of the complaint to charge the traffic crime, then it was erroneous, *State v. Carpenter,* 29 Or App 879, 565 P2d 768 (1977), and the order must be reversed.

If, on the other hand, the order was based upon lack of definiteness and certainty as required by ORS 484.380(1), then the order was not timely. A demurrer for insufficiency to state a crime is always timely, but absent exceptional circumstances, a demurrer for lack of definiteness and certainty must be filed at or prior to arraignment, ORS 135.610(1),[3] or it is waived, *State v. Kennedy,* 6 Or App 552, 555, 488 P2d 819, *rev den* (1971), *State v. Freeman,* 4 Or App 627, 632, 481 P2d 638 (1971), *State v. Hunt,* 3 Or App 634, 637, 475 P2d 596, *rev den* (1970). Assuming that the court has authority to sustain its own demurrer, *see* footnote 1, such an order is equally untimely after arraignment whether it is based on defendant's motion or it is spontaneous. Here, arraignment was on September 2,

---

[2]Neither party has contested the authority of the court to act spontaneously. We therefore note in passing, but do not reach any issue presented by ORS 135.610(2), which provides:

"The demurrer shall be in writing, signed by the defendant or his attorney and filed. It shall distinctly specify the ground of objection to the accusatory instrument."

[3]ORS 135.610(1) provides:

"The demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

1976, trial was set for January 12, 1977, and the order was entered January 28, 1977. The order was untimely and therefore erroneous.

■■ Even were the order correct on the merits, it was erroneous in yet another respect: the refusal to allow the state to refile. The authority of the court to allow or prohibit the refiling of an accusatory instrument is controlled by ORS 135.670(1) which provides:

> "If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled."

The discretion granted under the statute is not absolute. Rather it is controlled by the purposes which are to be served by the statute, *e.g.,* the orderly resolution of disputes free from harassment by multiplicitous prosecution. The refiling of a similar uniform traffic complaint with the additional allegation of the prior aggravating crime is normally a matter of simple mechanics. Where, as here, the parties are ready for trial, refiling would cause only negligible delay for the work of the scrivener as he/she fills out the blanks of a new uniform traffic complaint. Where the record is devoid of any reason whatever for the denial to either party of a statutory benefit, then we cannot assume that the denial is an exercise of discretion rather than of will. *See State v. Addicks,* 28 Or App 663, 669, 560 P2d 1095 (1977). Therefore, the trial court's order of dismissal without leave to refile was erroneous.

Reversed and remanded for further proceedings consistent to this opinion.