Submitted on record and briefs June 30, affirmed August 17, 1977

STATE OF OREGON, *Appellant,*
*v.*
BRIAN DANIEL TENNYSON, *Respondent.*
(No. F 73127, CA 8051)
567 P2d 596

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem, filed the brief for appellant.

James C. Waggoner and Martin, Bischoff, Templeton & Biggs, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

.

**RICHARDSON, J.**

The state appeals an order sustaining a demurrer to a uniform traffic citation and complaint charging defendant with the crime of driving under the influence of intoxicants in violation of ORS 487.540 and 484.365(1). The complaint alleges:

"That on the 1 day of Nov, 1976 at about 10:10 o'clock P.M., * * * Tennyson Brian Daniel * * * did unlawfully operate vehicle, lic. no. CKA 640 * * * on a public street or highway, to wit: I-5 at or near MP 299.6 * * * and then and there commit the following traffic crime * * * Driving Under The Influence of Intoxicants in violation of state statute in such case made and provided * * *."

The defendant appeared with counsel at arraignment and demurred to the complaint. The demurrer was sustained and the complaint dismissed on the ground it did not allege a specific previous conviction as required by ORS 484.380(1).[1]

Defendant was charged with the traffic crime of driving under the influence of intoxicants under the provisions of ORS 484.365, which provides that conduct which would otherwise be a Class A traffic infraction becomes a Class A misdemeanor if defendant has a previous conviction for any Class A traffic infraction or traffic crime within the preceding five years. Absent the prior conviction driving under the

---

[1] ORS 484.380(1) provides:

"In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state, municipality or political subdivision agrees to it;

"(b) Evidence of the previous conviction shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c) No mention of the previous conviction shall be made to the jury by either the court or the state, municipality or political subdivision; and

"(d) The court shall not submit the complaint or evidence of the previous conviction to the jury."

influence of intoxicants is a Class A traffic infraction, ORS 487.540.

The state argues the complaint is sufficient to meet the minimum requirements for a traffic offense complaint set out in ORS 484.170. The legislature did not intend, the state argues, to make these pleading requirements more stringent by enactment of ORS 484.380(1), and that if the defendant wishes additional detail he may inquire of the arresting officer, the prosecutor or file a motion for discovery pursuant to ORS 135.805. The defendant contends ORS 484.380(1) imposes a mandatory pleading requirement.

■ We held in *State v. Carpenter,* 29 Or App 879, 565 P2d 768 (1977), that a complaint stating the alleged conduct was a crime is sufficient when tested against the requirements of ORS 484.170. We stated in that case that the pleading requirements of ORS 484.380(1) go to the definiteness and certainty of the accusatory instrument and not its sufficiency. Consequently, the lack of definiteness and certainty of a complaint is a separate ground of demurrer despite the fact the complaint may be otherwise sufficient. *See also* ORS 135.630(6); *State v. South,* 29 Or App 873, 565 P2d 771 (1977).

The issue then is whether a traffic complaint which fails to comply with ORS 484.380(1) can survive a timely demurrer on the grounds it is not definite and certain. We hold it cannot.

■■ At the outset we note a demurrer for lack of definiteness and certainty, unlike a challenge to the sufficiency of the complaint to state a crime, must be filed at or prior to arraignment, ORS 135.610(1); *State v. South, supra; State v. Kennedy,* 6 Or App 552, 488 P2d 819, Sup Ct *review denied* (1971); *State v. Freeman,* 4 Or App 627, 481 P2d 638 (1971); *State v. Hunt,* 3 Or App 634, 475 P2d 596, Sup Ct *review denied* (1970). Failure to file a timely demurrer waives challenge to any defects of definiteness and certainty

in the complaint. *State v. Kennedy* and *State v. Hunt,* both *supra.*

■  ORS 484.380(1) was enacted as part of the revised motor vehicle code and is an integral part of the statutory scheme of DUII offenses. The plain and unambiguous language of that section requires the specific prior conviction to be alleged in the complaint, i.e., [the prosecutors] "* * * shall plead and prove the previous conviction." This requirement as to specificity is not satisfied by merely stating the alleged conduct is a crime.

The state argues that the legislative history indicates ORS 484.380 was intended merely to govern the procedure at trial. However, nothing in the legislative history cited by the state contradicts the plain wording of this statute.

■  One of the principal objections to inclusion of a prior conviction in an accusatory instrument is that the defendant may be prejudiced in the eyes of the jury by this disclosure. The legislative history included in the state's brief indicates this was one of the primary concerns of the legislative committee studying the bill. Their response to this concern was to include a provision (ORS 484.380(1)(b)(c) and (d)) that if the defendant stipulated to the previous conviction the complaint would not be submitted to the jury. This latter provision would seem to be unnecessary if the legislature did not intend that the prior conviction be specifically alleged. We hold the demurrer was properly sustained. The court sustained the demurrer and allowed the state the opportunity to refile the complaint pursuant to ORS 135.670; *State v. South, supra,* the state elected not to do so.

Affirmed.