Argued December 19, reversed and remanded for trial January 29, 1979

STATE OF OREGON, *Appellant,*

*v.*

LARRY O'NEAL LAND, *Respondent.*

(No. 78-1086M, CA 11956)

589 P2d 1141

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appllant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

This is an appeal by the state from an order dismissing a Uniform Traffic Citation and Complaint charging defendant with the crime of driving under the influence of intoxicants in violation of ORS 487.540 as enhanced by ORS 484.365.

The complaint alleges:

> "That on the 17 day of June 1978 at 3:55 AM * * * Land, Larry O'Neal * * * did unlawfully operate vehicle, Lic. No. 4X-5259 * * * on a public highway * * * at or near Portland Ave * * * and did then and there commit the following * * * traffic crime: * * * Driving under the influence of intoxicants in violation of state statute in such case made and provided * * * Prior conviction for DUII on 03-21-77. I certify under the penalties provided by ORS 484.990 that I have reasonable grounds to and do believe that the above person committed the above offense contrary to law.
>
> "7-11-78 [Officer's signature] 943-36"

Defendant appeared with counsel at arraignment and demurred to the complaint on the ground that it was not definite and certain because the prior conviction upon which the state relied to raise the offense to a misdemeanor

> "* * * is not in the charging portion of the complaint as required by ORS 484.380(1)."[1]

The district court sustained the demurrer and dismissed the complaint. The state appeals, pursuant to ORS 138.060(1).

At the hearing on the demurrer, defendant argued that the charging portion of the complaint ends with the phrase "in violation of state statute in such case made and provided," and that under this court's decision in *State v. Tennyson,* 30 Or App 575, 567 P2d 596 (1977), the prior conviction "should be alleged in

---

[1] ORS 484.380(1) provides:

"In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial. * * *"

the charging portion of the complaint and not in any other corner of the complaint."

The district court agreed.

■ We conclude that the above complaint gave defendant reasonable notice of the prior conviction on which the state intends to rely, and is sufficient under the standards enunciated in *State v. Waggoner,* 228 Or 334, 365 P2d 291 (1961). Further, we find nothing in *State v. Tennyson, supra,* requiring a different conclusion.

■ In *Waggoner* our Supreme Court pointed out that Uniform Traffic Citation and Complaints are not controlled by statutes which apply to indictments; that a citation which contains

"* * * [a] statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so * * *," (ORS 484.170(2))

was sufficient. Similar hypertechnical constructions of the Uniform Traffic Citation and Complaint statutes were rejected in *State v. Strop,* 31 Or App 893, 572 P2d 319 (1977), and *State v. Shervey,* 29 Or App 677, 564 P2d 1091 (1977).

As for *Tennyson,* we fail to see how *Tennyson* supports defendant's contention. There, the Uniform Traffic Citation and Complaint omitted any reference to the prior conviction on which the state relied to raise the offense to a misdemeanor. We held that this omission was fatal to the complaint on demurrer because of the express requirement of ORS 484.380(1) that the previous conviction must be pleaded and proved. ORS 484.380(1). Obviously, this is not the case here.

Reversed and remanded for trial.