Argued April 26, reversed and remanded
for trial May 29, reconsideration denied July 10, 1979

STATE OF OREGON, *Appellant,*
*v.*
MICHAEL EDWARD DOLAN, *Respondent.*
(No. DA 153180-7807, CA 12976)

595 P2d 836

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[447]

Rita Radich, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The state appeals an order sustaining defendant's demurrer and setting aside a criminal complaint charging defendant with disorderly conduct, ORS 166.025(1)(a), in the following language:

> "The said defendant, on or about July 11, 1978, in Multnomah County, State of Oregon, did unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm by engaging in tumultuous behavior * * *."

The sole ground of demurrer was that the complaint

> "* * * is not definite and certain in that it does not sufficiently inform the defendant what conduct he is supposed to have performed that is alleged to be against the law, nor where and when this conduct took place."

The state contended in the trial court and urges here that the demurrer was not timely and should not have been considered by the court. We agree and reverse.

Defendant first appeared in response to this charge on July 13, 1978. He appeared without counsel. The charge was read to him and he was advised of certain rights including the right to appointed counsel. Upon his request, the court appointed an attorney to represent him and continued the case until July 14, 1978, for appearance of defendant and his appointed counsel. On that day defendant appeared with his attorney and entered a plea of not guilty. The case was continued to August 18, 1978, for pretrial conference. Defendant's attorney filed a request for a jury trial on August 18, 1978, and was given the trial date of October 20, 1978. For reasons which do not appear in the record, the case was not tried on that date. Defendant filed the demurrer, which is the subject of this appeal, on November 24, 1978. Hearing on the demurrer was held December 5, 1978, and the demurrer was sustained.

[449]

During the hearing, the state objected to consideration of the demurrer on the grounds it was not filed prior to or at arraignment and that the defendant waived a challenge to the specificity of the complaint by his plea of not guilty.

The appellate courts of Oregon have consistently held that a challenge on the grounds that the accusatory instrument lacks definiteness and certainty is waived if made after a plea to the merits of the complaint. *State of Oregon v. Holland,* 202 Or 656, 277 P2d 386 (1954); *State v. Smith,* 182 Or 497, 188 P2d 998 (1948); *State v. Du Bois,* 175 Or 341, 153 P2d 521 (1944); *State v. Estabrook,* 162 Or 476, 91 P2d 838 (1939); *State v. Miller,* 119 Or 409, 243 P 72 (1926); *State v. Goodall,* 82 Or 329, 160 P 595 (1916); *State v. South,* 29 Or App 873, 565 P2d 771 (1977); *State v. Kennedy,* 6 Or App 552, 488 P2d 819 *rev den* (1971); *State v. Hunt,* 3 Or App 634, 475 P2d 596 *rev den*(1970).

■ ORS 135.610(1) provides:
> "The demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

Arraignment, as described in ORS 135.020, includes asking defendant how he pleads to the accusatory instrument. He is thus allowed by statute to demurrer up to the time a plea is entered on the merits of the charge. Presumably, if a defendant enters a plea to the charge it is sufficiently definite and certain for that purpose. Having pleaded to the charge, he waives a challenge as to definiteness and certainty. ORS 135.640 provides a specific exception to waiver when objection to the accusatory instrument is on the grounds of jurisdiction of the court over the subject matter, or that the facts stated do not constitute an offense. In those two instances the demurrer may be taken under the plea of not guilty and in arrest of judgment. This is a legislative acceptance of the

[450]

principal of waiver by a plea to the accusatory instrument except in the two specific instances set out in the statute.

■■ Absent exceptional circumstances, *see State v. South, supra,* after a plea to the merits of the complaint, a court is without authority to entertain a demurrer except on the two specific grounds set out in ORS 135.640. It is not a question of discretion to allow an untimely filing of the demurrer. It is a matter of applying the correct legal principal, i.e., that a plea to the accusatory instrument waives the objection that it is not definite and certain. Defendant has established no exceptional circumstances which would negate his waiver. At the time he entered his plea of not guilty defendant was represented by counsel. There was no request for continuance to review the complaint prior to entry of a plea. By his plea defendant waived objections to the complaint on the ground specified in his demurrer and the court was without authority to sustain it.

Reversed and remanded for trial.

**TANZER, J.,** dissenting.

I disagree with the majority on the threshold procedural issue and I would affirm on the merits.

### Timeliness

The majority correctly notes that ORS 135.610(1)[1] regulates the time for filing a demurrer. It does not absolutely bar demurrers after arraignment. Rather, it grants discretion to the trial court to allow demurrers thereafter. Where, as here, the defendant is not represented by counsel at arraignment, it would be arbitrary to deny a demurrer solely on the ground that

---

[1] ORS 135.610(1) provides:

"The demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

it was post-arraignment. That circumstance is sufficient to authorize the trial judge to allow the filing of a demurrer "at such other time as may be allowed to the defendant for that purpose." The majority holds, in the absence of special circumstances shown by defendant in the record, that the court had no authority to exercise discretion to allow the demurrer after the entry of plea. I see no such bar in the statute. Moreover, although the majority notes that there are no special circumstances established, we are reviewing a discretionary ruling by the trial court, we do not know the circumstances that existed at the time of plea, and we have no reason to believe that the statutorily authorized discretion was exercised contrary to legal principle. I am aware of nothing in the record to indicate that the state has been prejudiced by untimely filing. In my opinion, the majority has reversed a discretionary ruling without pointing out reason in the record to do so.

## The Merits

Turning to the merits, the demurrer is brought under ORS 135.630(6), which provides:

> "The defendant may demur to the accusatory instrument when it appears upon the face thereof:
> "* * * * *
> "(6) That the accusatory instrument is not definite and certain."

The term "definite and certain" is a relative term; the accusatory instrument must be sufficiently definite and certain to accomplish the purposes of an accusatory instrument. Those purposes are threefold: notice, double jeopardy protection and statement of a crime. As the Supreme Court said in *State v. Smith,* 182 Or 497, 500-501, 188 P2d 998 (1948):

> "* * * The objects of an indictment are (1) to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the accused to avail himself of his conviction or acquittal

thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction." (Citations omitted.)

*See also State v. Sanders,* 280 Or 685, 687-88, 572 P2d 1307 (1977).

We have previously surveyed the Oregon cases on this subject and distilled the rule that an indictment in the language of the statute is sufficient to state a crime, but where statutory language is not precise it must be implemented so as to leave no doubt in the minds of the accused and the court as to the exact offense intended to be charged. *State v. Jim/White,* 13 Or App 201, 217, 508 P2d 462 *rev den* (1973). Broad statutory terms are sufficient if they are further defined in the code or commentary to the code and thus made words of art with specific meaning. In such cases, general terms accomplish the purposes of the accusatory instrument: an allegation of "theft," for example, is sufficient. *State v. House,* 37 Or App 131, 134, 586 P2d 388 (1978); *State v. Jim/White,* 13 Or Ap at 218-21.

This complaint is brought under ORS 166.025(1)(a), which provides:

"A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(a) engages in fighting or in violent, tumultuous or threatening behavior * * *."

The statutory terms incorporated into the complaint are not sufficiently definite and certain in themselves to describe the conduct which defendant must defend against or to provide a documentary basis for a subsequent plea of former jeopardy. There is no statutory definition of the terms which we may incorporate into the complaint by reference. The explanation in the commentary does not enable us to regard

[453]

the words as terms of art. Rather, the commentary says simply:

> "Paragraph (a) is directed at conduct within the traditional common law concept of breach of the peace." Commentary, Proposed Oregon Criminal Code, § 220 (1970).

The commentary, therefore, explains the general terms by reference to another general term, "breach of the peace," which, had that been pleaded, would require additional factual allegations for sufficiency.

Therefore, because the words of the complaint standing alone or by reference to the code and commentary, fail to specify the conduct which the state alleges to be forbidden by the statute, the demurrer for lack of definiteness and certainty was properly sustained.

For these reasons I would affirm the sustaining of the demurrer.