Submitted March 1, reversed and remanded
for trial May 29, 1979

# STATE OF OREGON, *Appellant,*
*v.*
# ALFRED EUGENE THOMPSON, *Respondent.*
## (No. DA152459-7807, CA 12386)

595 P2d 842

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem, filed the brief for appellant.

Marshall L. Amiton, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

The state appeals the dismissal of a complaint charging defendant with assault in the fourth degree, ORS 163.160. The complaint alleges in pertinent part that defendant "did unlawfully and knowingly cause physical injury to [complainant] by striking [complainant] in the face * * *." Dismissal of the complaint followed the state's refusal to plead further after the trial court sustained defendant's demurrer, with leave to amend, on the ground that it was not definite and certain enough to enable defendant to make his defense.

Defendant contended that the complaint was defective because it failed to specify what injuries, if any, complainant suffered during the alleged altercation. The demurrer was filed two months after arraignment, at which defendant entered a plea of *not guilty.*

■ The state contends as a preliminary matter that the demurrer grounded on lack of definiteness and certainty was not timely filed and therefore should not have been entertained, absent exceptional circumstances. ORS 135.610(1).[1] *E.g., State v. Tennyson,* 30 Or App 575, 578-79, 567 P2d 596 (1977); *State v. South,* 29 Or App 873, 876-77, 565 P2d 771 (1977); *State v. Kennedy,* 6 Or App 552, 555, 488 P2d 819, *rev den* (1971). However, at the hearing on the demurrer, the state failed to bring the matter of timeliness to the trial court's attention, and therefore we will not consider that question on appeal. *Compare State v. Dolan,* 40 Or App 471, 595 P2d 836 (1979). *See Arney, Gohn v. City of North Bend,* 218 Or 471, 475-76, 344 P2d 924 (1959). *But see State v. South, supra.*

■ Nevertheless, the complaint is sufficiently definite and certain to withstand a demurrer. The "definite

---

[1] ORS 135.610(1) provides:

"The demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

and certain" requirements of ORS 135.630(6) for a complaint have been interpreted as being the same as those for indictments. ORS 132.550(7). *State v. Nussbaum,* 261 Or 87, 91, 491 P2d 1013 (1971); *State v. Johns,* 20 Or App 249, 251, 531 P2d 282 (1975). The complaint in issue here meets those requirements: it reiterates the language of ORS 163.160 and sets forth the acts constituting the offense in ordinary and concise language so as to inform a person of common understanding what is intended. *See* ORS 132.550(7). The state is not required to set forth the statutory definition of "physical injury" (ORS 161.015(6)) in addition to the fact of such injury. *State v. Cannon/Clark/Green/Donnelly,* 17 Or App 379, 387, 521 P2d 1326, *rev den* (1974). Defendant's interest in the adequate preparation of a defense is protected by the criminal discovery statutes. *See State v. Andrews,* 16 Or App 144, 146, 517 P2d 1062 (1974);*State v. Shadley/Spencer/Rowe,* 16 Or App 113, 119-20, 517 P2d 324 (1973). The demurrer should not have been sustained.

Reversed and remanded for trial.