Argued March 20, affirmed May 29,
reconsideration denied July 10, petition
for review denied September 5, 1979

MILLER, *Respondent,*

*v.*

NUNLEY, *Appellant,*

(No. 78-252-L, CA 12497)

595 P2d 843

Walter D. Nunley, Medford, argued the cause and filed the brief for appellant.

Janice M. Stewart, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from a summary judgment holding valid and enforceable a California default judgment entered against defendant. We affirm.

The California judgment was entered following plaintiff's successful action to recover money owed him for fuel purchased by defendant. Plaintiff filed a petition to register the judgment in this state and defendant answered, contending that the California court did not have personal jurisdiction over him. Plaintiff then filed a motion for summary judgment with supporting affidavits and memoranda of law, to which defendant answered alleging facts to support his contention that the California court lacked jurisdiction over him. On appeal, the defendant contends that the materials presented by him were sufficient to place California's jurisdiction at issue and that summary judgment was, therefore, improperly granted.

ORS 18.105(3) provides for the granting of summary judgment:

> "* * * [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

The following undisputed facts emerge from the pleadings, motions and affidavits in this case. On January 19, 1976 defendant, an Oregon resident, incorporated his trucking business in this state. Defendant acted as director and secretary of the corporation. On January 20, 1976, defendant applied for credit from plaintiff's fuel and oil company, located in California. He filled out the application in his own name as proprietor of "Green Streak Transport," writing "no" in answer to the question, "Is business incorporated?" Defendant anticipated saving approximately two cents per gallon by purchasing in California.

[473]

On six or more occasions during 1976 employes of defendant purchased fuel on credit from plaintiff. Plaintiff sent six billing statements to defendant personally and defendant authorized two payments to plaintiff which were made by corporation checks. On December 20, 1976, after all of the purchases in question had been made and bills sent, defendant wrote to plaintiff, stating that it had been brought to his attention that he was being billed personally, explaining that all purchases were solely for the use and benefit of the corporation and advising plaintiff that defendant assumed no responsibility for the payment of any corporate accounts.

In his answer to the motion for summary judgment, defendant contended that all contacts with the state of California were made by the corporation, that he personally had no dealings in the state and that, therefore, the California court had no authority to exercise jurisdiction over him. On appeal, defendant contends that the following allegations in his affidavit placed at issue material facts bearing on the jurisdiction of the California court: (1) that he filled out the credit application personally because the corporation as yet had no credit references and that the application was made on behalf of the newly-formed corporation and not for his personal benefit; (2) that because the two bills that were paid were by corporation checks and because his employes placed the fuel in trucks marked with the corporate name, the plaintiff was on notice that it was dealing with a corporation and not with defendant personally, and (3) he did not know he was being billed personally until the corporation's bookkeeper notified him of this fact in December, 1976, at which time he immediately notified plaintiff that he was not responsible for corporate purchases.

The sole issue before the trial court was whether or not the California court properly exercised jurisdiction over defendant; we find that no facts material to this question were placed at issue by the pleadings and supporting documents.

Section 410.10, at 459, of the California Code of Civil Procedure (West 1973) states that a California court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." The California courts have interpreted this section to manifest "an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations." *Sibley v. Superior Court of Los Angeles County,* 128 Cal Rptr 34, 16 Cal 3d 442, 546 P2d 322, 324, *cert den* 429 US 826 (1976). In *Sibley,* the California court reiterated the principal set forth by the United States Supreme Court in *Internat. Shoe Co. v. Washington,* 326 US 310, 316-17, 66 S Ct 154, 90 L Ed 95 (1945), as follows:

> "* * * As a general constitutional principle, a court may exercise personal jurisdiction over a nonresident individual so long as he has such minimal contacts with the state that '. . . the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' * * *" 546 P2d at 324.

The Comments of Judicial Counsel to § 410.10 list, among other things, doing business in the state as a basis for personal jurisdiction and provide the following definition:

> "Doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary profit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts. * * *" Cal Civ Proc Code, § 410.10, at 469 (West 1973).

The pleadings and supporting documents in this case show that defendant asked for and was given credit in his own name by plaintiff's California business and that fuel was purchased from plaintiff under that credit arrangement. None of the materials presented by defendant place this fact at issue. California having properly exercised jurisdiction on the basis of defendant's doing business in the state, summary judgment was correctly granted.

Affirmed.