Argued February 22, affirmed April 1, 1974

STATE OF OREGON, *Appellant, v.*
ERVIN E. HAYES (No. 43032), *Respondent.*

520 P2d 465

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Harrison M. Weatherford* and *Richard B. Hagedorn,* Albany, argued the cause for respondent. With them on the brief were Weatherford, Thompson, Horton & Jordan, P.C., Albany.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

## FORT, J.

Defendant was charged in the district court with violation of ORS 478.960.[1] He demurred on the ground that the statute was void for vagueness and denied him the equal protection of the laws in violation of the Fourteenth Amendment. The district court sustained the demurrer. The state appealed to the circuit court where the ruling of the district court was affirmed. The state again appeals.

The position of the state is that although the statute might well be unconstitutional if applied in other circumstances, it is not unconstitutional as here applied because the complaint[2] charges defendant with

---

[1] ORS 478.960 (1) provides:

"No one, within the boundaries of a district, shall set on fire, or cause to be set on fire, any combustible material, either on his own or the property of another, without first securing a permit from the fire chief of the district and complying with its terms. A deputy of a fire chief has the power to perform any act or duty of the fire chief under this section."

We note that the 1974 special session of the legislature enacted Oregon Laws 1974, ch 40, with an emergency clause. This Act defines combustible material in relation to the provisions of ORS 478.960 as follows:

"* * * For the purposes of ORS 449.840, 476.380 and 478.-960, annual grass seed crops, perennial grass seed crops and grain or grass stubble shall be considered to be combustible material."

[2] The complaint reads:

"The above named defendant is accused by this complaint of the crime of burning without a permit, committed as follows, to-wit:

"The said defendant ERVIN E. HAYES on August 16, 1973, in Linn County, Oregon, then and there being, did then and

committing an act well within the power of the legislature to prohibit. Accordingly, it urges the defendant lacks standing to challenge the statute's validity.

Initially, the state contends that no First Amendment question can be involved. We disagree. For example, the statute as enacted⊛ would prohibit the lighting of a votive or a vigil candle in a church sanctuary located within the fire district "without first securing a [fire] permit from the fire chief of the district" just as much as it would prohibit the burning of the rye grass straw charged in this complaint.

*State v. Hodges,* 254 Or 21, 25-27, 457 P2d 491 (1969), discusses at length the factors which must be considered in determining whether a criminal statute is void for vagueness.

---

there unlawfully set on fire and cause to be burned, certain combustible material, to-wit: Rye grass straw on his own property located at Route 1, Box 364 K, Albany, Oregon, and within the boundaries of the Albany Rural Fire District, Linn County, Oregon, without first securing a permit from the proper authorities of the Albany Rural Fire District, Albany, Oregon. [sic] contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"* * * * *."

⊛ Prior to its 1971 amendment by Oregon Laws 1971, ch 563, § 9, p 986, ORS 478.960 (1) read:

"No one, within the boundaries of a district, shall set on fire, or cause to be set on fire, any [*forest land, grass, grain, stubble or other*] combustible material, either on his own or the property of another without first securing a permit from the fire chief of the district and complying with its terms. A deputy of a fire chief has the power to perform any act or duty of the fire chief under this section."

The italicized language was removed by that Act. Thus, resort to the legislative history can only lead to the conclusion that the 1971 legislature indeed intended to make the section apply to "any combustible material."

The court said:

"Whether a statute challenged on the ground of vagueness is void on its face or reasonably lends itself to a construction limiting its application to an identifiable factual situation that will save its constitutionality is a question of degree. See *United States v. National Dairy Products Corp.*, 372 US 29, 33, 83 S Ct 594, 598, 9 L Ed 2d 561, 566 (1963). The United States Supreme Court has made it clear, for example, that statutes impinging upon First Amendment rights will be strictly tested. Vagueness, or overbreadth, will render such statutes void and little or no effort will be made to save such a statute by narrowing its application. See, e.g., *Thornhill v. Alabama*, 310 US 88, 60 S Ct 736, 84 L Ed 1093 (1940).

"* * * * *

"Criminal laws which have little or no ideological context seem to fall somewhere between the *Thornhill* and *National Dairy* doctrines. Some vagueness can be tolerated in criminal laws which do not trespass upon First Amendment freedoms. But the United States Supreme Court has not set down rules that will apply in all cases. The authorities do agree, however, that the terms of a penal statute creating an offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. * * *"

Here, independently of any First Amendment question, it is clear that the term "any combustible material" when viewed in the light of the apparent legislative purpose of ORS 478.960, which relates primarily to air pollution problems as regulated by the Environmental Quality Commission, is indeed both overbroad and virtually standardless.

Under the statute one would be prohibited to light a fire in one's fireplace, to light a cigarette, start

one's car, etc. without first obtaining a permit. A citizen could not tell what activity by him was, in fact, intended to be prohibited without first securing a permit. In terms of both its own language and of its legislative purpose, the statute is overbroad and standardless.

Accordingly, we conclude, as did the courts below, that the statute is both overbroad and void for vagueness. The demurrer was correctly sustained.

Affirmed.