Argued December 16, 1974, affirmed January 20, 1975

BROWN (No. 403272), *Respondent, v.* BALZER
MACHINERY COMPANY, *Appellant.*

530 P2d 863

*Scott M. Kelley,* Portland, argued the cause for appellant. With him on the brief were Gearin, Cheney, Landis, Aebi & Kelley, Portland.

*Raymond J. Conboy,* Portland, argued the cause for

respondent. With him on the brief were Pozzi, Wilson & Atchison and Dan O'Leary, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an appeal from a circuit court order granting claimant the maximum award of 320 degrees for unscheduled permanent partial low back disability.

On September 18, 1967 claimant, then aged 42 years, while working for the Balzer Machinery Company, fell over a box and twisted his back. Since then claimant has undergone surgery necessitated by the injury on three occasions: on September 13, 1968, a double level laminectomy at L3-L4 and L4-L5; on July 22, 1970, a triple level back fusion, L3 to the sacrum, decompression of the spinal nerves, and an additional bilateral laminectomy at L3-L4; and on December 20, 1972, excision of Morton's neuromas from both feet.

Before the injury claimant worked several jobs at once as a roofer and a backhoe operator—frequently working 80 hours per week. His injury relegates him now to piecework as a roofer, and he can tolerate only a five- or six-hour work day on the easier kind of jobs. Claimant has worked for the same roofing company for 20 years and it is doubtful whether, without his seniority, he could retain employment.

The Workmen's Compensation Board first closed this claim on January 14, 1970 with a permanent partial disability award of eight degrees for loss of the right leg and 80 degrees for unscheduled low back disability. On June 1, 1970 the claim was reopened by a stipulated

order for further medical care and for payment of warranted temporary total disability. The claim was again closed on March 21, 1972 by a second determination order awarding claimant temporary disability and 112 degrees of permanent partial disability for unscheduled low back disability, both in addition to the January 14, 1970 award.

Claimant then requested a hearing, which was held on July 10, 1972. The hearing officer, by his amended order of August 8, 1972, granted claimant additional temporary disability benefits and increased the permanent partial disability award for unscheduled low back disability to a total of 240 degrees. Both claimant and the employer requested review and on February 14, 1973 the Board affirmed.

Both sides then appealed to the circuit court. By a stipulated judgment order in the circuit court dated May 11, 1973 the claim was once again reopened for further medical treatment and for payment of total disability from November 29, 1972 through February 12, 1973 and the appeal was dismissed.[1]

On July 19, 1973 the Closing and Evaluation Division of the Board entered the third determination order, granting additional temporary total disability, based on the Morton's neuromas mentioned above, for the period set out in the circuit court's order but awarding no additional permanent disability. Claim-

---

[1] The circuit judge ordered that "this case and claim be * * * reopened * * *," that "this case and claim be * * * remanded to the carrier * * *," and that "this case and claim be * * * dismissed." When the order is considered in its entirety, it seems clear that the court's and the stipulating parties' intention was not to dismiss the entire claim but only to conclude the circuit court proceeding then before it.

ant again requested a hearing, which was held on December 21, 1973.

After hearing, the hearing officer held that the Board's order of February 14, 1973 and the circuit court's order of May 11, 1973 were res judicata with respect to the degree of permanent disability which existed at the time of the order from the first hearing, August 8, 1972, and that, therefore, claimant's award could not be increased unless his disability had increased since that date. Finding no such increase, the hearing officer concluded that claimant was entitled to only the 240 degrees awarded then.

The Board affirmed the hearing officer's decision and claimant appealed to the circuit court. The circuit judge held:

"* * * When the Circuit Court dismissed the prior appeal in May, 1973, the claim was reopened for all purposes * * * [T]he Hearing Officer was free to determine that the permanent partial disability allowed claimant in August, 1972, was inadequate * * *.

"The Opinion of the Hearing Officer dated January 7, 1974, was affirmed by the Board on Review. The Board did not discuss the res adjudicata [sic] question, but stated among [other] things, 'It would be difficult to conclude that the claimant, who is now working 25 to 30 hours a week on a piece-work basis as a roofer and earning what he characterizes as a "fairly decent living" has less than 25% of his earning capacity remaining.' I do not believe that permanent partial disability should be determined on that basis. If claimant had lost all of his earning capacity I would assume that he would be entitled to a permanent total disability rather than a permanent partial disability—even a maximum permanent partial disability award.

"In my opinion this Court is free to award claimant any permanent partial disability that is warranted by the evidence, unfettered by any prior award, Determination Opinion, Order or Judgment.

"As I stated at the outset, claimant has suffered an extremely serious injury. He endures constant pain, is extremely limited in his ability to move, stand, stoop, sit, lift and sleep. I am confident that a lesser person would not be seeking a permanent partial disability award, but rather would be seeking a permanent total disability award * * *."

It is from the judgment based upon this opinion that the present appeal is taken.

The employer contends the trial court erred in holding (1) that it and the hearing officer and the Board could redetermine the adequacy of the previous award, and (2) that even if the extent of permanent partial disability is properly considered, the evidence will not support an award in excess of 240 degrees.

■ (1). Permanent disability awards may only be made at the time a claim is closed, ORS 656.268 (3), and no claim is to be closed until the workman's condition has become medically stationary, ORS 656.268(1). We agree with the circuit judge that the stipulated judgment order of May 11, 1973 was a recognition by the parties and the court that claimant's condition was not medically stationary. Therefore, the claim previously had been prematurely closed. The claim was reopened and the issue of permanant partial disability was properly considered for the first time, that is, after it was medically stationary, upon entry of the third determination order on July 19, 1973. The former award was not res judicata and the circuit court correctly proceeded to decide anew on the basis of the record the issue of permanent partial disability. *Cf.*

*Kanna v. SAIF,* 19 Or App 594, 528 P2d 560 (1974). We do the same.

■ (2). Having reviewed all the evidence and testimony, we agree with the circuit court that claimant's unscheduled partial low back disability equals the maximum 320 degrees. He is extremely limited in both the number of hours he can work and the type of activity he can do (especially when compared to his work experience prior to the injury). He endures constant pain and we are convinced, as was the court below, "that a lesser person would not be seeking a permanent partial disability award, but rather would be seeking a permanent total disability award * * *."

Affirmed.