Argued January 16, reversed and remanded February 4, 1975

# STATE OF OREGON (No. 5766), *Appellant, v.*
# RAYMOND W. JOHNS, RALPH A. THOMPSON,
# EVERETT J. THOREN, *Respondents.*

531 P2d 282

*Rhidian M. M. Morgan,* Assistant Attorney Gen-

eral, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert W. Collins,* Pendleton, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge and FOLEY and LEE, Judges.

FOLEY, J.

Defendants were charged in the Umatilla County District Court with criminal trespass in the second degree. ORS 164.245. The complaint was as follows:

"* * * * *

"The said defendants, RAYMOND W. JOHNS, RALPH A. THOMPSON, and EVERETT J. THOREN acting in pursuance of a common intent, in the County of Umatilla, and State of Oregon, on the 9th day of July, A.D., 1974, then and there being, did then and there knowingly and unlawfully enter upon the premises located one mile east of the intersection of Loop Road and East Highland Extention [sic] Road on the south side of East Highland Extention [sic] Road, contrary to the statutes * * *."

Defendants' demurrer to the complaint on the ground that it was not definite and certain was sustained by the district court. The state elected to stand on the complaint as pleaded. The district court ordered the complaint dismissed and the state appealed to the Circuit Court for Umatilla County, which affirmed the district court's order of dismissal. The state appeals pursuant to ORS 138.060(1).

Defendants' demurrer was based upon the following provision of ORS 135.630:

"The defendant may demur to the *accusatory instrument* when it appears upon the face thereof:

"* * * * *

"(6) That the *accusatory instrument* is not definite and certain." (Emphasis supplied.)

ORS 131.005(1) provides:

" 'Accusatory instrument' means a grand jury indictment, an information or a complaint."

This court has interpreted the "definite and certain" requirements of ORS 135.630(6) for accusatory instruments as being the same as the requirement of ORS 132.550(7) regarding indictments. *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 517 P2d 324 (1973).

ORS 132.550(7) provides that an indictment shall contain substantially the following:

"A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended * * *"

■ In *Shadley* this court discussed, at length, the reasons behind and the application of the requirements that accusatory instruments be definite and certain. *Shadley* involved a different application, but the principles discussed in that case support the application of ORS 132.550 (7) to complaints and informations pursuant to ORS 135.630(6). In *Shadley* this court explained how the various purposes that indictments (and accusatory instruments in general) are designed to serve can now be augmented by way of the new criminal discovery statutes. We concluded:

"In light of these statutory changes, it would appear that Oregon criminal procedure has been and is now evolving toward the concept that an in-

dictment is merely a formal method of initiating criminal proceedings and identifying the name of the crime that the accused is alleged to have committed. All other purposes served by indictments under older statutes 25 years ago are now served as well or better by newer statutory schemes. * * *" 16 Or App at 120.

Whether or not the complaint is definite and certain, then, depends upon whether it contains a statement of the acts constituting the offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended.

■ The precise issue in the case at bar is whether the premises upon which the trespass allegedly occurred are sufficiently defined in terms of location. The complaint states that the premises are "located one mile east of the intersection of Loop Road and East Highland Extention [sic] Road on the south side of East Highland Extention [sic] Road. Defendants contend that the description is indefinite in that it does not specify *how far south* of the East Highland Extension Road the trespass occurred. We note that the complaint does not refer to the trespass as occurring "south" of the East Highland Extension Road, but it refers to a trespass "on *the south side*" of said road. A person of common understanding would interpret such a description as meaning that the trespass occurred in an area immediately adjacent to the road. Thus, the complaint alleges that the trespass occurred upon premises located 5,280 feet east of a particular intersection on the south side of a particular road. A complaint with such a description, being capable of precise ascertainment, is sufficiently definite and certain.

Reversed and remanded.