■ THE HARLEM YACHT CLUB et al., Appellants, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent. [836 NYS2d 66]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about March 3, 2006, which denied the application of petitioners yacht club and its commodore to annul the determination of respondent New York City Environ-

mental Control Board (ECB) that petitioners violated the City's noise ordinance on July 19 and August 30, 2000, and imposing fines, unanimously affirmed, without costs.

Petitioner yacht club fires a cannon at sundown each day during the boating season to alert its members and guests that the flag on the club's grounds is about to be lowered so that they could stand and show respect. Neighbors complained about the noise, resulting in the issuance of the first challenged violation for unreasonable noise. The club then switched from a 10- to a 12-gauge shot to produce a lower sound, but a second violation was nevertheless issued.

While we agree with petitioners that the firing of the cannon while engaged in a ceremony lowering the flag is protected speech (see Spence v Washington, 418 US 405, 409-410 [1974]), we reject their challenge to the constitutionality of the subject noise ordinance (Administrative Code of City of NY § 24-218). There is no dispute that the ordinance is content-neutral; respondent met its burden of demonstrating that the ordinance was enacted to further a substantial governmental interest in protecting its citizens from unwelcome noise and is narrowly tailored to achieve that goal (see Ward v Rock Against Racism, 491 US 781, 796, 799 [1989]; Carew-Reid v Metropolitan Transp. Auth., 903 F2d 914, 917, 919 [2d Cir 1990]; Howard Opera House Assoc. v Urban Outfitters, Inc., 131 F Supp 2d 559, 567 [D Vt 2001]); and petitioners are not without alternative means of communication, as the ordinance does not impose a complete ban on the firing of a cannon and petitioners can still show respect for the flag by firing a cannon at lower sound levels (see Ward, 491 US at 802 [that city's limitations on volume may reduce to some extent the potential audience for speech is of no consequence absent showing that remaining avenues of communication are inadequate]). Nor is the ordinance, which bans "unreasonable noise," defined as "any excessive or unusually loud sound that disturbs the peace, comfort or repose of a reasonable person of normal sensitivities, injures or endangers the health or safety of a reasonable person of normal sensitivities or which causes injury to plant or animal life, or damage to property or business" (Administrative Code § 24-203 [62]), impermissibly vague (see e.g. Howard Opera House, 131 F Supp 2d at 565; Sharkey's, Inc. v City of Waukesha, 265 F Supp 2d 984, 992 [ED Wisc 2003]).

The determination is supported by substantial evidence, including the testimony of respondent's inspector as to the number of decibels by which the noise created by the cannon exceeded the ambient, or background, level of noise, and that,

while standing on the property line of a complainant's abode, about 75 feet from the cannon, the sound of the cannon was "startling" and made him jump even though he was expecting it. Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.